UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DEAN E. BLANCK, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CAUSE NO. 3:03-CV-457 RM |
| v. | ) | |
| | ) | |
| EVELYN RIDLEY-TURNER, *et al.* | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

Dean E. Blanck, a *pro se* prisoner, has filed a letter complaining that the prison hasn't deducted enough money from his inmate trust account in payment of the filing fee for the appeal in this case. Pursuant to Newlin v. Helman, 123 F.3d 429 (7th Cir. 1997) *overruled on other grounds* by Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000) and Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000), courts are to monitor prison officials' calculation of installment payments. Therefore, this court has reviewed Mr. Blanck's prison trust account ledger from June 4, 2004 to May 23, 2005.

Mr. Blanck has only one unpaid filing fee.

| | Case | Type | Order Date & Docket # | Balance |
|---|---|---|---|---|
| 1) | 3:03-CV-457 | Appeal 04-1522 | 9/2004, # 26 | $ 252.40 |

28 U.S.C. § 1915(b)(2) requires that an inmate pay 20 percent of the preceding month's income credited to the prisoner's account.

> This [statutory] language places on the prisoner a responsibility to remit at this rate – no greater, but no less either. A prisoner who fails to ensure that the required sum is remitted in one month must make

it up later; *the statute does not allow deferral past the time when application of the formula would have produced full payment.*

<u>Lucien v. DeTella</u>, 141 F.3d 773, 776 (7th Cir. 1998) (emphasis added).

The following table shows Mr. Blanck's income, for those months during which he received $10.00 or more. It also shows how much he was required to pay toward the filing fee for the appeal in this case.

| Date  | Income    | 04-1522   |
|-------|-----------|-----------|
| 11/04 | $  16.00  | $   3.20  |
| 12/04 | $  13.00  | $   2.60  |
| 3/05  | $  15.60  | $   3.12  |
| 4/05  | $  14.30  | $   2.86  |
| 5/05  | $  13.65  | $   2.73  |
|       | Totals    | $  14.51  |

Having only paid $2.60, this table demonstrates that Mr. Blanck should have paid an additional $11.91. This means that Mr. Blanck can no longer defer payment of those arrearages and so he must remit 100% of his income until this arrearage has been paid in full. Because Mr. Blanck is delinquent in paying these fees and because he may no longer defer their payment, it is no longer relevant whether he receives ten or more dollars in a month: all of Mr. Blanck's income must be taken to pay the arrearage amount.

Mr. Blanck asks the court to order the prison to show cause why it should not be found in contempt of court and fined because it did not take his money as ordered. The court finds no cause for such a sanction against the prison at this

time. Nevertheless, this debt was and is Mr. Blanck's and he remains obligated to pay it.

For the foregoing reasons, the court:

(1) **ORDERS** the agency having custody of **Dean E. Blanck, IDOC # 935676**, to remit all of the money in Mr. Blanck's prisoner trust account (not to exceed $11.91) to the clerk of the court in payment of his arrearage;

(2) **ORDERS** the agency having custody of Dean E. Blanck to remit 100% of Mr. Blanck's future income until it has payed the arrearage totaling $11.91;

(3) **ORDERS** the agency having custody of Dean E. Blanck to resume taking 20% of his income for AP3:03-CV-457 after the arrearage is paid and until the balance of the appellate filing is paid in full; and

(4) **DIRECTS** the clerk to mail a copy of this order to the inmate trust account department of the institution or facility where Mr. Blanck is currently housed.

SO ORDERED.

ENTERED: June __7__, 2005

                                                /s/ Robert L. Miller, Jr.
                                                Chief Judge
                                                United States District Court